The Honorable Robert S. Lasnik

UNITED STATE DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ELF-MAN, LLC,<br><br>Plaintiff,<br>v.<br><br>Eric Cariveau, an individual;<br>Sharon White, an individual;<br>Leon Kimmerling, an individual;<br>Josh Morrison, an individual;<br>Jason Couture, an individual;<br>Aaron Coy, an individual;<br>Michael Soper, an individual;<br>Johnathan Kirby, an individual;<br>David Ullom, an individual;<br>Essen Lee, an individual;<br>Michele L. Neuman, an individual;<br>Kyle White, an individual;<br>Shannon Dixson, an individual;<br>Shelly Scanlan, an individual;<br>Becky Peloquin, an individual;<br>Steven Peloquin, an individual;<br>Jerry Graff, an individual;<br>Vandy Graff, an individual; DOES 1-11; DOES 13-16; DOES 18-23; DOES 24-48; DOES 50-52; DOES 54-71; DOES 73-86; DOES 89-91; DOE 94; DOES 97-125; DOES 127-134; DOES 136-145; DOES | Case No. 2:13-cv-00507-RSL<br><br>DEFENDANT ESSEN LEE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS |

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

147-148; and DOES 150-152, )
)
Defendants. )
)

## I. ANSWER

Defendant Essen Lee answers the allegations of plaintiff's First Amended Complaint for Copyright Infringement (hereinafter "Complaint") as follows:

1. In response to Paragraphs 1-9, Essen Lee is without information sufficient to ascertain the truth of the allegations of these Paragraphs. The allegations of these Paragraphs are therefore denied.

2. In response to Paragraph 10, Essen Lee denies the allegations of this Paragraph to the extent they are made against him. Essen Lee is without information sufficient to ascertain the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are therefore denied.

3. In response to Paragraph 11, the allegations of this Paragraph consist of statements of intention and/or legal conclusions for which no answer is required.

4. In response to Paragraph 12, the allegations of this Paragraph consist of legal conclusions for which no answer is required. Essen Lee denies that any alleged copyright infringement for which he is responsible occurred and therefore denies that facts conferring subject matter jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1338 exist as regards him.

5. In response to Paragraph 13, because Essen Lee is unaware of the citizenship of plaintiff or its specific business structure, the allegations regarding venue conferred under 28

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

U.S.C. § 1391(b) are denied. The allegations regarding venue conferred under 28 U.S.C. § 1400 are admitted.

6. In response to Paragraph 14, Essen Lee is without information sufficient to ascertain the truth of the allegations of this paragraph. The allegations of this Paragraph are therefore denied.

7. In response to Paragraphs 15-21, Essen Lee, who has not viewed *Elf-Man*, is without information sufficient to ascertain the truth of the allegations of these Paragraphs. To the extent these allegations consist of legal conclusions, no answer is required. The allegations of these Paragraphs are therefore denied.

8. In response to Paragraphs 22-26, Essen Lee denies the allegations of these Paragraphs to the extent they are made against him. Essen Lee is without information sufficient to ascertain the truth of the remaining allegations of these Paragraphs. The allegations of these Paragraphs are therefore denied.

9. In response to Paragraphs 27-53, Essen Lee is without information sufficient to ascertain the truth of the allegations of these Paragraphs. The allegations of these Paragraphs are therefore denied.

10. In response to Paragraph 54, Essen Lee is without information sufficient to ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are therefore denied.

11. Essen Lee admits the allegations of Paragraph 55.

12. In response to Paragraph 56, Essen Lee denies that IP address 174.61.149.83 is "Essen Lee's IP address." He further denies that an IP address, *per se*, is capable of "infringing Plaintiff's motion picture." Essen Lee is without information sufficient to ascertain the truth of

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

the remaining allegations of this Paragraph. The allegations of this Paragraph are therefore denied.

13. In response to Paragraphs 58-74, Essen Lee is without information sufficient to ascertain the truth of the allegations of these Paragraphs. The allegations of these Paragraphs are therefore denied.

14. In response to Paragraph 75, the allegations of this Paragraph consist of statements of intention for which no answer is required. Essen Lee is without information sufficient to ascertain the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are therefore denied.

15. In response to Paragraphs 76-122, Essen Lee denies the allegations of these Paragraphs to the extent they are made against him. He denies in their entirety the allegations of Paragraphs 83-86 and Paragraphs 110-119. To the extent the allegations of Paragraphs 76-122 consist of legal conclusions, no answer is required. Essen Lee is without information sufficient to ascertain the truth of the remaining allegations of these Paragraphs, especially to the extent they include purported testimony in the U.S. Congress and detailed descriptions of the functions of internet communications protocols and peer-to-peer networks. The allegations of these Paragraphs are therefore denied.

16. In response to Paragraph 123, Essen Lee reincorporates his responses to Paragraphs 1-122 above.

17. In response to Paragraphs 124-131, the allegations of these Paragraphs are denied.

18. In response to Paragraph 132, Essen Lee reincorporates his responses to Paragraphs 1-122 above.

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

19. In response to Paragraphs 133-139, the allegations of these Paragraphs are denied.

20. In response to Paragraph 140, Essen Lee reincorporates his responses to Paragraphs 1-122 above.

21. In response to Paragraphs 141-149, the allegations of these Paragraphs are denied.

22. In response to Paragraphs 150-153, the allegations of these Paragraphs consist of statements of intention and/or legal conclusions for which no answer is required. To the extent an answer is required, the allegations of these Paragraphs are denied.

## II. AFFIRMATIVE DEFENSES

Essen Lee hereby asserts the following affirmative defenses, which are pled in the alternative to the extent they may otherwise be determined mutually exclusive or inconsistent:

1. One or more of plaintiff's claims fail to state a valid claim upon which relief can be granted.

2. This action is barred by plaintiff's misuse of copyright.

3. This action is barred by the doctrine of unclean hands.

4. The damages sought in this action are grossly excessive and disproportionate to any actual damages claimed by plaintiff. The claim for imposition of such damages violates the Due Process Clause of the U.S. Constitution, as interpreted in *BMW v. Gore*, 517 U.S. 559 (1996).

5. Plaintiff has failed to join one or more indispensable parties to this action.

6. One or more defendants have been improperly joined to this action in violation of Fed.R.Civ.Pro. 20 and should be severed and/or dismissed from this action.

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

## III. COUNTERCLAIMS

In support of his counterclaims, Essen Lee alleges as follows:

### **Factual Background**

1. For many years, it has been widely understood that an IP address, *per se*, is not a person or legal entity that is capable of committing copyright infringement. It has also been widely understood that the remote detection and identification of an IP address correlated with suspected copyright infringement is distinct from the identification of a specific person that has committed such infringement.

2. When an Internet Service Provider (ISP) responds to a typical subpoena request for the identity of a "user" to whom it has temporarily assigned an IP address at a particular point in time, the ISP usually provides the name of the person or legal entity that, according to the ISP's records, is the listed subscriber for internet service as of the time in question. The ISP typically provides no information about what specific person, if any, may have been using file-sharing software in connection with a given IP address at any particular point in time. Therefore, information provided by an ISP in response to a typical subpoena process such as that employed by plaintiff in this action does not identify a specific person that has committed copyright infringement at any particular point in time.

3. In addition to the fundamental problem with ISP responses to typical subpoena processes, there are a variety of other widely known reasons why the remote detection and identification of an IP address correlated with suspected copyright infringement does not accurately identify a specific person that has committed such infringement. This includes the very real possibility that the ISP subscriber's internet network was accessed by third parties that engaged in infringing acts without the subscriber's knowledge or permission. The use of an ISP

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

subscriber's internet network in a manner that is unauthorized and unknown to the subscriber may be explained by numerous possibilities including: wireless "poaching;" "cracking" or circumvention of password protections and other network security measures; network address translation; the use of anonymous proxies; and "man-in-the-middle" attacks.

4. In addition to the numerous technical explanations for possible mis-identification of ISP subscribers as infringers, widely available demographic information has for years indicated that listed ISP subscribers are relatively unlikely to be responsible for suspected copyright infringement, even when such suspected infringement is appropriately correlated with the subscriber's physical address. In these circumstances, demographic information suggests, minor children who are not capable of subscribing to ISP services are statistically more likely to have engaged in infringement, often without the ISP subscriber's knowledge or permission.

5. Plaintiff, which has allegedly employed an "investigator" in gathering the information supporting this action, purports in its Complaint to have wide-ranging knowledge about internet communications protocols and the use of peer-to-peer networks. Therefore, plaintiff knew or should have known that it could have wrongfully identified Essen Lee as having committed the copyright infringement alleged by plaintiff.

6. Essen Lee has never viewed plaintiff's motion picture, *Elf-Man*. He has never knowingly downloaded or uploaded a computer file constituting or containing a copy of *Elf-Man*. After learning of plaintiff's allegations, he inspected computers in his home and could not locate a computer file constituting or containing a copy of *Elf-Man*. He has no specific knowledge that anyone in his home engaged in the infringement alleged by plaintiff.

7. Despite what plaintiff knew or reasonably should have known about the

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

possibility of misidentifying Essen Lee as a copyright infringer, plaintiff never contacted Essen Lee to ask him about its allegations before naming him to this lawsuit. Plaintiff never attempted to inspect Essen Lee's computers or network devices. Despite knowing of the inherent limits and flaws of its own investigation, plaintiff failed to perform reasonable and appropriate further investigation before naming Essen Lee as a defendant in this lawsuit.

8. Plaintiff's suit against Essen Lee was filed without a reasonable expectation of success on the merits. Plaintiff's suit against Essen Lee was filed as part of a pattern of similar suits filed without regard to the merits of individual claims. Upon information and belief, plaintiff's suit intends to utilize the burdensome and expensive nature of the litigation process to coerce Essen Lee to pay plaintiff money in settlement; to intimidate him and others so that they might act in a manner which serves plaintiff's financial interests; for purposes of general deterrence; or for other improperly-motivated purposes.

9. Plaintiff's unreasonable acts and omissions have caused Essen Lee to expend unnecessary legal expenses, and have caused him to suffer anxiety and emotional distress. Plaintiff's threat of massive damages that could mean financial ruin for Essen Lee and his family is deeply troubling and upsetting.

**Count 1**

**Declaration of Non-Infringement**

1. Essen Lee re-alleges paragraphs 1-8 of his counterclaims, above.

2. Plaintiff has asserted a claim for copyright infringement against Essen Lee that is false and erroneous. Essen Lee did not infringe plaintiff's copyrights.

3. Essen Lee respectfully requests that the court enter an order declaring that he has not infringed Plaintiff's copyrights.

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

## IV. PRAYER FOR RELIEF

WHEREFORE, Essen Lee prays for:

a. Dismissal of plaintiff's claims with prejudice;

b. An order that plaintiff shall be afforded no relief from its complaint herein;

c. A declaration of non-infringement and injunctive relief;

d. Attorneys' fees and costs awardable under 17 U.S.C. § 505 and common law;

e. For post-judgment interest on the entire judgment until paid in full; and

f. For such other and further relief as the Court may deem just and equitable.

## IV. RESERVATIONS

Defendant Essen Lee reserves the right to assert third-party claims and additional counterclaims in the event that further investigation and discovery support them.

Respectfully submitted this 16th day of October, 2013.

By: *_/s/ Benjamin R. Justus_____*

Benjamin R. Justus (WSBA # 38855)
Attorney for Defendant Essen Lee
Lybeck ❖ Murphy, LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040
(206) 230-4255 /phone
(206) 230-7791 /fax

DEFENDANT ESSEN LEE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS - 9

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2013, I electronically filed the foregoing DEFENDANT ESSEN LEE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS with the clerk of the court using the CM/ECF system, which will send notification of such filing to all parties of record including:

Maureen C. VanderMay
The VanderMay Law Firm PC
2021 S. Jones Blvd.
Las Vegas, Nevada 889146
elfmanwa@vandermaylawfirm.com

Dated at Mercer Island, Washington, this 16th day of October, 2013.

LYBECK MURPHY, LLP

By: */s/ Benjamin R. Justus*

Benjamin R. Justus (WSBA#38855)
Lybeck Murphy, LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040
(206) 230-230-4255 /phone
(206) 230-7791 /fax

Lybeck❖Murphy LLP
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 Fax 206-230-7791