Hon. Robert S. Lasnik

1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

9

10

11

| | |
|---|---|
| ELF-MAN, LLC, | NO.  2:13-CV-00507-RSL |
| Plaintiff, | MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT, BY DEFENDANTS ERIC CARIVEAU, BECKY PELOQUIN, STEVEN PELOQUIN, AND LEON KIMMERLING |
| v. | |
| ERIC CARIVEAU, et. al., | |
| Defendants. | NOTE ON MOTION CALENDAR: November 22, 2013 |
| | ORAL ARGUMENT REQUESTED |

12

13

14

15

16

17

18

19

20

## DEFENDANTS' MOTION TO DISMISS, OR IN THE
## ALTERNATIVE, FOR MORE DEFINITE STATEMENT

21

Defendants Eric Cariveau, Becky Peloquin, Steven Peloquin, and Leon Kimmerling

22

("Defendants"), through counsel, hereby move the court to dismiss Plaintiff's First Amended

23

Complaint (Dkt. No. 33) with prejudice for failure to state a claim on which relief may be

24

granted, pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a more definite statement

25

26

27

28

Motion to Dismiss
2:13-CV-00507-RSL - 1

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331  Fax: 206.701.0332
© 2013 Matesky Law

pursuant to Fed. R. Civ. P. 12(e).

## MEMORANDUM IN SUPPORT

**I.      INTRODUCTION**

Plaintiff's First Amended Complaint should never have been filed.  It alleges two alternative theories, neither of which satisfies Federal Rule of Civil Procedure 11.   For each Defendant, Plaintiff alleges that either (1) the Defendant engaged in unauthorized sharing of Plaintiff's movie, thereby committing direct and contributory copyright infringement, or (2) the Defendant signed up for an Internet account, which somebody ended up using to infringe Plaintiff's copyright, and therefore Defendant is subject to some unspecified "indirect" infringement liability.  The first alternative has no evidentiary basis, and the second has no basis in law.  Both failures merit dismissal, but this motion deals with the latter.

A plaintiff who offers equivocal, alternative allegations fails to state a claim for relief if any one of the alternatives is an insufficient basis for relief.  Essentially, if a plaintiff alleges that a defendant did A, B, C, and/or D, and "D" is not a basis for a valid legal claim, then the plaintiff fails to state a valid claim for relief.  That is precisely what Plaintiff has done here.  The Supreme Court and the Ninth Circuit have set forth tests a plaintiff must meet in order to hold a defendant liable for infringement committed by a third party, and Plaintiff's alternative allegations do not meet these tests.  More specifically, Plaintiff's allegation that Defendants signed up for an Internet account and somebody ended up using the account for infringing purposes does not state a claim for relief under binding legal precedent.  Accordingly, Plaintiff's First Amended Complaint fails to state a valid claim for relief, and should be dismissed.

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331  Fax: 206.701.0332
© 2013 Matesky Law

1    Alternatively, Plaintiff should at least be forced to submit a more definite statement clarifying

2    what it alleges each Defendant actually did.

3    **II.    BACKGROUND**

4           Plaintiff's litigation strategy is no secret.  Plaintiff claims to have monitored online

5    sharing of movies via BitTorrent technology, and to have identified IP addresses that were

6    involved in such sharing.  Plaintiff then requested permission to serve subpoenas on the Internet

7    service providers ("ISPs") responsible for providing such IP addresses, so that Plaintiff could

8    
9    obtain the identity and contact information of the subscribers named on the accounts associated

10   with such IP addresses.

11          Plaintiff told the court, *ex parte*, that "[t]he ISP uses the IP address to specifically

12   identify each person using the internet th[r]ough the ISP to transmit and receive data."  (Pl.'s Ex

13   Parte Mot. to Expedite Discovery (Dkt. No. 2) at 2 (emphasis added).)  As the Court has

14   
15   recognized, this is not true.  (*See* Order Lifting Stay and Extending Service Deadline (Dkt. No.

16   30) at 6-7.)  Rather, "it is no more likely that the subscriber to an IP address carried out a

17   particular computer function . . . than to say an individual who pays the telephone bill made a

18   
19   specific telephone call'…In fact, it is less likely."  (*Id.* (quoting *In re BitTorrent Adult Film

20   Copyright Infringement Cases,* 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012)) (internal

21   citations omitted).)  Indeed, the Court has warned Plaintiff about the dubious evidentiary basis

22   for alleging that an account subscriber committed any acts of infringement associated with his or

23   
24   her Internet account.  (Order Lifting Stay (Dkt. No. 30) at 7 ("It is not clear that plaintiff could,

25   consistent with its obligations under Fed. R. Civ. P. 11, make factual contentions regarding an

26   Motion to Dismiss
27   2:13-CV-00507-RSL - 3

28

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

1   internet subscriber's infringing activities based solely on the fact that he or she pays the internet

2   bill.").)

3          Undeterred by these words of warning, Plaintiff forged ahead, named account subscribers

4   as defendants in its First Amended Complaint (Dkt. No. 33), and served its First Amended

5   Complaint on these subscribers.  In addition to adding names, Plaintiff added a clarification and

6   distinction between its first and second claims (copyright infringement and contributory

7   copyright infringement), on the one hand, and their third claim ("indirect infringement"), on the

8   other.  More specifically, Plaintiff stated that its third claim for relief was stated "in the

9   alternative" pursuant to Federal Rule of Civil Procedure 8(d)(2).  (Compl. at 19.)  In other words,

10  each Defendant directly engaged in the file sharing described in the First Amended Complaint

11  (thereby committing direct and contributory copyright infringement), **or** maybe each Defendant

12  merely "obtained internet access through an ISP and permitted, facilitated and/or promoted the

13  use of the internet access identified with the specific IP address for the infringing of Plaintiff's

14  exclusive rights under The Copyright Act by others" (thereby committing some unnamed form

15  of "indirect" infringement).  (*Id.*)

16         Put simply, despite all its dire language regarding intentional infringement and for-profit

17  piracy, Plaintiff's First Amended Complaint only alleges that each Defendant signed up for an

18  Internet account and somehow failed to make certain that the account could only be used for

19  non-infringing purposes.

20

21

22

23

24

25

26   Motion to Dismiss

27   2:13-CV-00507-RSL - 4

28

## III.    LEGAL ARGUMENT

Plaintiff's First Amended Complaint fails to state a valid claim for relief because Plaintiff fails to adequately plead that Defendants had sufficient scienter to be held secondarily liable for infringement.  Where a pleading contains allegations merely "consistent" with a valid claim for relief, but also inherently concedes the possibility of facts that do not support a valid claim for relief, such pleading cannot survive a motion to dismiss.  *See Patterson v. Novartis Pharms. Corp.*, No. 10-5886 (6th Cir. Aug. 23, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).[1]  Plaintiff alleges a series of alternative possibilities for each Defendant, including that the Defendants merely signed up for an internet service account and that some unknown third party used the account to infringe Plaintiff's copyright.  Binding case law does not permit holding a defendant liable for another's infringement unless the defendant intentionally encouraged such infringement.  Because Plaintiff fails to adequately allege this necessary scienter element, Plaintiff's fail to state a valid claim for relief, and Plaintiff's First Amended Complaint should be dismissed.  Because Plaintiff has no evidentiary basis to allege facts that go beyond those alleged in their First Amended Complaint, such dismissal should be with prejudice.  Alternatively, at the very least, Plaintiff should be ordered to provide a more definite statement regarding what each Defendant is alleged to have done.

---

[1]  Copies of all unpublished cases cited herein are attached to Defendants' Request for Judicial Notice, submitted concurrently herewith.

Motion to Dismiss
2:13-CV-00507-RSL - 5

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

**A.**     __Legal Standard for Motion to Dismiss__

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted where there is a "failure to state a claim upon which relief can be granted."  In ruling on such a motion, courts must evaluate whether the claimant has complied with Fed. R. Civ. P. 8(a).  *See Zixiang v. Kerry,* 710 F.3d 995, 998-99 (9th Cir. 2013).  In order to state a valid claim for relief under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)); *see also Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013) ("Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory.")

Detailed factual allegations are not necessary.  Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 677 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'…Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In other words, Plaintiff's First Amended Complaint must set forth sufficient factual allegations—in contrast to naked assertions or legal conclusions—that bring the claim from the realm of mere possibility to plausibility.  Setting forth allegations that are "merely consistent with" a valid claim for relief does not satisfy the Rule 8(a) standard.  *Id.*; *see also Moss v. U.S.*

Motion to Dismiss
2:13-CV-00507-RSL - 6

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

1   *Secret Service*, 572 F.3d 962, 971-72 (9th Cir. 2009) (upholding dismissal of complaint

2   "consistent with" a colorable claim, but without sufficient factual allegations to permit inference

3   of elements necessary to support valid claim);

4          **B.**    <u>**Rule 8(a) and Plaintiff's Alternative Hypothetical Allegations**</u>

5           In applying the standard of *Iqbal* and *Twombly* to Plaintiff's First Amended Complaint, it

6   is critical to identify what Plaintiff has and has not alleged.  Plaintiff has pleaded a series of

7   equivocal, alternative factual allegations and legal claims.  For example, Plaintiff does not allege

8   that Defendants have copied Plaintiff's movie.  Rather, Plaintiff has alleged that each Defendant

9   has copied plaintiff's movie…or maybe done something else on a long list of other potential

10   acts.  *(e.g.*, Compl. ¶ 23.)  Because some of Plaintiff's alternative "something else" allegations

11   are insufficient to support liability, Plaintiff fails to state a claim on which relief can be granted.

12           A Plaintiff who makes equivocal, alternative allegations in a list of "and/or" possibilities

13   fails to state a claim on which relief can be granted if <u>any</u> of the potential alternative possibilities

14   are insufficient to state a claim for relief.  *See, e.g., Patterson v. Novartis Pharms. Corp*., No. 10-

15   5886, slip op. at 4 (6th Cir. Aug. 23, 2011); *Gregory v. Dillard's, Inc*., 565 F.3d 464, 473 n.9 (8th

16   Cir. 2009) ("Because this section refers to all plaintiffs and uses the 'and/or' formulation, it does

17   not connect any particular plaintiff to any particular allegation"); *Gevo, Inc. v. Butamax*

18   *Advanced Biofuels LLC*, No. 1:12-cv-01724-SLR, slip op. at 3-4, 6-7 (D. Del. Jul. 8, 2013);

19   *AllGood Entertainment, Inc. v. Dileo Entertainment and Touring, Inc*., 726 F. Supp. 2d 307, 317-

20   18 (S.D.N.Y. 2010) (disregarding "and/or" allegations as mere suggested possibilities); *Pa.*

21   *Empls. Benefit Trust Fund v. AstraZeneca Pharm. LP*, No. 6:09-cv-5003-Orl-22DAB, slip op. at

Motion to Dismiss
2:13-CV-00507-RSL - 7

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331  Fax: 206.701.0332
© 2013 Matesky Law

1   5-6 (M.D. Fla. July 20, 2009).

2          For example, in *Patterson*, the Sixth Circuit held that the plaintiff's complaint "does not

3   sufficiently allege that she received infusions of Aredia manufactured by Novartis" where the

4   plaintiff alleged receipt of "Aredia and/or generic Aredia (pamidronate)."  No. 10-5886 at 4.

5   Affirming the district court's dismissal, the court held that this "and/or" allegation:

6

7          "…means that Patterson could have received only Aredia manufactured by
           Novartis. Or, she could have received both Aredia and generic Aredia, which
8          would be sufficient to state a claim against Novartis. However, as pled, it is also
           entirely plausible that Patterson received infusions of only generic Aredia that
9          Novartis did not manufacture: it is this possibility that is fatal to her complaint.
           Because the complaint only permits us to infer the possibility that Patterson
10         received infusions of Aredia manufactured by Novartis, it fails to satisfy the
           pleading standards set forth in *Twombly* and *Iqbal*. Therefore, the district court
11         properly granted judgment on the pleadings in favor of Novartis."

12  *Id.*

13

14         Similarly, in *Gevo*, the plaintiff alleged claims for direct and indirect patent infringement

15  against multiple defendants, including BP, an indirect corporate parent of another named

16  defendant.  No. 1:12-cv-01724-SLR, slip op. at 6.  More specifically, paragraph 28 of Gevo's

17  complaint alleged that "[o]n information and belief, Butamax, DuPont, BP, BP Corp North

18  America, and/or BP Biofuels North America had knowledge of the '733 Publication prior to the

19  issuance of the '089 Patent."  Paragraph 42 alleged that, "[o]n information and belief, pursuant to

20  35 U.S.C. § 154(d), BP has directly and/or indirectly infringed, either literally or under the

21  
22  doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '089

23  Patent by performing and/or directing others to perform the methods described in paragraph 29

24  without Gevo's authorization."  *Id.* at 4-5.

25

26  Motion to Dismiss                                              Matesky Law PLLC
27  2:13-CV-00507-RSL - 8                                    1001 4th Ave., Suite 3200
                                                                  Seattle, WA 98154
                                                        Ph: 206.701.0331  Fax: 206.701.0332
28                                                                © 2013 Matesky Law

1    The court held that these allegations were insufficient to state a claim against BP for

2  infringement of Gevo's provisional patent rights, which requires that the defendant have "actual

3  notice of the published patent application."  *Id.* at 7.  The court wrote that, "Gevo's equivocal

4  assertion of 'knowledge'-'on information and belief' - is not buttressed by any specific facts and

5  is even further diluted by the use of 'and/or' in the paragraph….In this regard, given Gevo's use

6  of the word 'or' in paragraph 28 and the lack of factual allegations, clearly it might not be BP at

7

8  all who had knowledge of the '733 application prior to litigation."  *Id.*[2]

9    Plaintiff's First Amended Complaint suffers from the same defects.  Plaintiff's paragraph

10  22 encapsulates the equivocal and hypothetical nature of Plaintiff's complaint:

11

12    Defendants have each played <u>at least one of the following roles</u> in connection
       with the use of BitTorrent to unlawfully download Plaintiff's motion picture: 1)
13    <u>some or all</u> Defendants are a group of BitTorrent users or peers whose computers
       are collectively interconnected and used for illegally copying and distributing
14    Plaintiff's motion picture; 2) <u>some or all</u> Defendants contributed to the
       infringement of Plaintiff's copyrights by others; and 3) <u>some or all</u> Defendants
15    permitted, facilitated <u>and/or</u> promoted the use of the internet access identified by
       their IP address for the infringing of Plaintiff's exclusive rights under The
16    Copyright Act by others.

17  (Compl. ¶ 22 (emphasis added).)  This equivocation and ambiguity pervades Plaintiff's factual

18  allegations, *id.* ¶¶ 26-27, 94, 97, 104, 115, 119, 121-24, and alleged causes of action, *id.* at 17-

19  19.

20

21    Plaintiff inherently concedes the possibility that none of the Defendants used BitTorrent

22  to upload, download, or share Plaintiff's movie, and that none of the Defendants contributed to,

23

24  2 The *Gevo* court also dismissed the plaintiff's claims for inducement of infringement,
25  contributory infringement, and willful infringement against BP for failure to plead facts to bring
    its conclusory allegation of BP's scienter into the realm of plausibility. No. 1:12-cv-01724-SLR,

26  Motion to Dismiss                                              Matesky Law PLLC
    2:13-CV-00507-RSL - 9                                         1001 4th Ave., Suite 3200
27                                                                 Seattle, WA 98154
                                                          Ph: 206.701.0331  Fax: 206.701.0332
28                                                                 © 2013 Matesky Law

1   promoted, or facilitated others' infringement.  Rather, Plaintiff's complaint merely alleges that,

2   at the very least, each Defendant "permitted" another to infringe.

3       Yet, Plaintiff's complaint does not even allege that Defendants <u>knowingly</u> "permitted"

4   any infringement to occur.  Plaintiff does not allege that any Defendant knew that Plaintiff's film

5   was going to be, was being, or had been infringed using the Internet service account bearing the

6   Defendant's name, or that any infringement of any kind was occurring via such account.[3]

7   Indeed, despite Plaintiff's conclusory allegation that Defendants at least "permitted"

8

9   infringement to occur, Plaintiff does not even allege that any Defendant had the right or ability to

10  stop the alleged infringement.

11      Of course, it is not entirely surprising that Plaintiff fails to allege such facts, because

12  Plaintiff has no clue and no basis to allege what any Defendant did or did not do, did or did not

13  know, or did or did not intend with regard to any alleged BitTorrent infringement.  Even

14  assuming, *arguendo*, that Plaintiff's pre-filing investigation is reasonably accurate, the most

15  Plaintiff can allege is that each Defendant signed up for an Internet service account, and

16  somebody ended up using that account to initiate a transfer of some portion of Plaintiff's movie.

17      And, ultimately, despite all the horrible hypothetical actions that Plaintiff alleges some

18  Defendants *might have* engaged in, Plaintiff's complaint boils down to the following

19

20

21

22  slip op. at 9-12.

23  3  Plaintiff does allege that "[e]ach Defendant knew or should have known the infringing
    conduct observed by Plaintiff was unlicenced and in violation of plaintiff's copyrights."  (Compl.
24  ¶ 112.)  However, this allegation does not actually alleged that Defendants knew or should have
    known the alleged infringement was occurring, but merely that such conduct was unauthorized.
25  Indeed, Plaintiff pleads no facts that lend plausibility to a conclusory claim that Defendants had

26  Motion to Dismiss                                                      Matesky Law PLLC
    2:13-CV-00507-RSL - 10                                          1001 4th Ave., Suite 3200
27                                                                       Seattle, WA 98154
                                                              Ph: 206.701.0331  Fax: 206.701.0332
28                                                                    © 2013 Matesky Law

1   unambiguous allegations: Internet piracy is "commonly known" and each Defendant failed to

2   somehow prevent piracy from occurring via an account that the Defendant signed up for.

3   (Compl. ¶¶ 85-86, 110.)  If those allegations do not state a claim for relief, then Plaintiff's First

4   Amended Complaint fails to state a claim for relief.

5       **C.     Plaintiff Fails to Allege Claim for Secondary Copyright Liability**

6

7       Over many decades, the Supreme Court and the Ninth Circuit have identified and

8   developed two doctrines by which a defendant can be held liable for the infringement of another:

9   Contributory Infringement and Vicarious Infringement.  Plaintiff fails to state a claim under

10  either doctrine.

11      Contributory infringement requires intent to aid in direct infringement.  Both the Ninth

12  Circuit and the Supreme Court have articulated tests by which a plaintiff can demonstrate such

13  intent.  These are not contradictory tests, but merely different means to evaluate the presence of a

14  necessary element—intent—in different factual circumstances.  *See Perfect 10, Inc. v. Visa Int'l*

15

16  *Serv. Assoc.,* 494 F.3d 788, 795 (9th Cir. 2007) ("*Visa*").  Plaintiff fails to plead any facts

17  demonstrating that Defendants possessed the requisite intent.  Vicarious infringement requires a

18  showing that the defendant had (1) a direct financial interest in the direct infringement, and (2)

19  the right and ability to supervise and control the direct infringement.  *Id.* at 802. Plaintiff has

20

21  pleaded neither element of a vicarious copyright infringement claim.

22      Thus, Plaintiff fails to state a claim under the binding and well-settled law of secondary

23  liability for copyright infringement.

24

25  _____

    actual knowledge of the alleged direct infringement.  Accordingly, the Court need not accept any

26  Motion to Dismiss                                               Matesky Law PLLC
    2:13-CV-00507-RSL - 11                                         1001 4th Ave., Suite 3200

27                                                                  Seattle, WA 98154
                                                     Ph: 206.701.0331  Fax: 206.701.0332

28                                                                  © 2013 Matesky Law

1

### 1.    Plaintiff Fails to Allege Contributory Infringement

2

The Supreme Court and the Ninth Circuit have applied different tests for contributory

3

copyright infringement depending on the circumstances, as discussed below.  Nonetheless, each

4

test is designed to show that a Defendant intentionally encouraged direct infringement.  There is

5

6

always a scienter requirement, and even generalized knowledge of infringement is insufficient

7

for liability.  Plaintiff's allegations fail to satisfy this scienter element, or any of the context-

8

specific iterations of the test for contributory infringement.

9

a.    Plaintiff's Allegations Fail to Meet the *Sony* Test

10

In *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417 (1984), the Supreme

11

12

Court confronted the question of whether VCR manufacturers or distributors could be held liable

13

for infringement committed by customers using their VCRs.  The Court concluded that a

14

defendant can be held liable for infringing use of a product it distributes if the product is not

15

capable of substantial non-infringing uses.  *Id.* at 442.  Because the VCRs distributed by the

16

defendant were capable of substantial non-infringing uses, the defendant could not be held liable

17

18

for contributory infringement.  *Id.*  The Court later explained that the Sony test "was devised to

19

identify instances in which it may be presumed from distribution of an article in commerce that

20

the distributor intended the article to be used to infringe another's patent."  *Metro-Goldwyn-*

21

*Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("*Grokster*").  "In sum, where an

22

article is 'good for nothing else' but infringement,…there is no legitimate public interest in its

23

24

unlicensed availability, and there is no injustice in presuming or imputing an intent to infringe"

25

such conclusory allegation.

26

Motion to Dismiss
2:13-CV-00507-RSL - 12

27

28

1    *Id.* (internal citations omitted).

2    Here, Plaintiff alleges that each Defendant signed up for an Internet account and "permitted"

3    the account to be used for infringing purposes.  Understandably, Plaintiff does not allege that

4    Internet access is "good for nothing else" but infringement.  Because Internet access can, of course,

5    be used for substantial non-infringing purposes, Plaintiff fails to allege facts on which Defendants

6    can be held liable for contributory infringement under the *Sony* test.

7

8           b.       Plaintiff Fails to Allege Intentional Inducement Under *Grokster*

9    In *Grokster*, the Supreme Court expanded upon the test set forth in *Sony*, and held that a

10   defendant may be held liable for contributory infringement for "actively encouraging (or

11   inducing) infringement through specific acts."  More specifically, the Court held "that one who

12   distributes a device with the object of promoting its use to infringe copyright, as shown by clear

13   expression or other affirmative steps taken to foster infringement, is liable for the resulting acts

14   of infringement by third parties."  545 U.S. at 919.  To impose contributory liability on this

15   basis, "contribution to infringement must be intentional."  *Perfect 10, Inc. v. Amazon.com, Inc.*,

16   487 F.3d 701, 727 (9th Cir. 2007) ("*Amazon.com*") (citing *Id.* at 930).  Such intent may be

17   shown where a defendant "knowingly takes steps that are substantially certain to result

18   in…direct infringement."  *Amazon.com*, 487 F.3d at 727.

19

20   In addressing the intent requirement, the *Grokster* Court held that, "where evidence goes

21   beyond a product's characteristics or the knowledge that it may be put to infringing uses, and

22   shows statements or actions directed to promoting infringement, *Sony's* staple-article rule will

23   not preclude liability."  *Id.* at 935.  There were ample such "statements or actions" at issue in

24

25

26   Motion to Dismiss                                                      Matesky Law PLLC
27   2:13-CV-00507-RSL - 13                                          1001 4ᵗʰ Ave., Suite 3200
                                                                           Seattle, WA 98154
                                                        Ph: 206.701.0331  Fax: 206.701.0332
28                                                                        © 2013 Matesky Law

*Grokster.*  As the Court noted, there was "reason to think that the vast majority of users' downloads [were] acts of infringement," the plaintiff "notified the [defendants] of 8 million copyrighted files that could be obtained using their software," the defendants had "responded with guidance" to inquiries about playing copyright protected movies, the defendants "clearly voiced the objective that recipients use [their software] to download copyrighted works, and each took active steps to encourage infringement," and "sent users a newsletter promoting its ability to provide particular, popular copyrighted materials."  *Id.* at 923-25.  Indeed, one of the defendants had stated that "[t]he goal is to get in trouble with the law and get sued. It's the best way to get in the new[s]." *Id.* at 925.

The Court held that such actions met the test for imposing liability for intentional inducement of infringement, by which a defendant who "entices or persuades" another to infringe, or who "not only expected but invoked [infringing use] by advertisement", or who engages in "active steps . . . taken to encourage direct infringement," may be held liable for the resulting infringement.  *Id.* at 936.  However, the Court made clear that its opinion only applies to defendants who have <u>intentionally</u> promoted direct infringement, clarifying that "mere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability."  *Id.* at 937.

Plaintiff fails to allege a claim for intentional inducement of infringement under *Grokster.*  Rather, Plaintiff's allegations fall squarely into the category of actions that the *Grokster* court held "would not be enough" to subject a defendant to liability.   Plaintiff fails to allege any "affirmative steps taken to foster infringement" or "steps that are substantially certain

Motion to Dismiss
2:13-CV-00507-RSL - 14

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331  Fax: 206.701.0332
© 2013 Matesky Law

to result in…direct infringement."  Plaintiff merely alleges that Defendants signed up for an Internet account, and failed to prevent the account from being used for infringing purposes. Even taking Plaintiff's factual allegations in the light most favorable to Plaintiff, and viewing Internet users in the light most negative, these are not acts "substantially certain to result in" direct infringement.  *See Perfect 10, Inc. v. Visa Int'l Serv. Assoc.,* 494 F.3d 788, 802 (9th Cir. 2007) ("*Visa*") (allegations that defendant induced use of credit cards, and some users used credit cards in payment for infringing works, insufficient to state claim for intentional inducement of infringement).

        c.     Plaintiff Fails to Allege Knowledge of Specific
                  <u>Infringing Activity Plus Material Contribution to Infringement</u>

      The *Grokster* opinion makes clear that "mere knowledge…of actual infringing uses would not be enough…to subject a distributor to liability."  545 U.S. at 937.  Nonetheless, in some Internet-related cases, the Ninth Circuit has held that an operator of a computer network can be liable for contributory infringement where the operator (1) has <u>actual</u> knowledge of <u>specific</u> infringing activity, (2) has the ability to take simple measures to prevent such infringement, and (3) fails to enact such simple measures to prevent such infringement. *Amazon.com,* 487 F.3d at 729 (citing *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1022 (9th Cir. 2001) ("*Napster*"); *Religious Tech. Center v. Netcom On-Line Comm'cn Servs., Inc.*, 907 F. Supp. 1361, 1375 (N.D. Cal. 1995) ("*Netcom*")); *see also Visa,* 494 F.3d at 795-96, 800-02 (discussing *Grokster*'s inducement standard and the "knowledge + material contribution" standard).  The *Amazon.com* court notes this standard is consistent with *Grokster*'s intent requirement if applied where a defendant's knowing failure to prevent specific infringement is

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

1   sufficient to impute intent.  Because Plaintiff fails to allege specific knowledge of infringement

2   or the existence of simple means to prevent infringement, however, Plaintiff fails to state a claim

3   under the Ninth Circuit's alternative standard for contributory infringement.

4       First, Plaintiff fails to allege that any Defendant had specific knowledge of infringing

5   activity.  Rather, Plaintiff alleges that "Internet piracy and the use of the internet to conduct

6   illegal activity are commonly known" such that "Defendants were on notice of the need to limit

7   the use of their IP address to legal and authorized activity."  (Compl. ¶¶ 85-86.) At best, Plaintiff

8   has pleaded generalized knowledge that some people use the Internet to infringe copyrights.

9 That is simply not good enough.

10       *Sony* and the Court's subsequent clarification in *Grokster* tell us that knowledge of a

11 product's <u>potential</u> for infringing uses is not sufficient to conclude that the provider of the

12 product intended to promote infringement, if the product also has substantial non-infringing uses.

13 The *Grokster* court also held that a defendant's knowledge of actual infringing uses of the

14 defendant's technology would be insufficient to give rise to contributory liability without further

15 evidence of the defendant's intent to promote infringement.  545 U.S. at 937.  Similarly, the

16 Ninth Circuit's alternative test requires more, holding that "a computer system operator can be

17 held contributorily liable if it 'has *actual* knowledge that *specific* infringing material is available

18 using its system,'... and can 'take simple measures to prevent further damage' to copyrighted

19 works...yet continues to provide access to infringing works."  *Amazon.com, Inc.*, 487 F.3d at

20 729 (emphasis in *Amazon.com*) (citing *Napster,* 239 F.3d at 1022; *Netcom,* 907 F. Supp. at

21 1375.)

Motion to Dismiss
2:13-CV-00507-RSL - 16

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331  Fax: 206.701.0332
© 2013 Matesky Law

1    For example, in *Amazon.com*, the plaintiff had provided notices of infringement to the

2    defendant, and the court held there were disputed factual issues regarding these notices, such that

3    it could not determine whether the defendant had the required actual knowledge of specific

4    infringing material.  *See Amazon.com, Inc.*, 487 F.3d at 729.  In contrast, Plaintiff has made no

5    allegations that it provided notice of direct infringement to any Defendant, or that any Defendant

6    had knowledge of specific infringing activity regarding the audiovisual work at issue through

7    any other means.

8

9    Second, Plaintiff has failed to allege that any Defendant can "take simple measures to

10   prevent further damage," as required by Ninth Circuit law.  In *Amazon.com*, the court remanded

11   for further proceedings regarding whether "reasonable and feasible means" existed for the

12   defendant to refrain from providing access to infringing images.  Plaintiff has made no allegation

13   whatsoever regarding the availability of such means to Defendants.

14

15   Thus, Plaintiff has failed to allege a claim for contributory copyright infringement under

16   the Ninth Circuit's alternative test requiring actual knowledge of specific infringing activity,

17   ability to easily prevent infringement, and failure to prevent infringement.

18
                    **2.      Plaintiff Fails to Allege Vicarious Infringement**
19

20   Plaintiff not only fails to plead contributory infringement, but fail to state a claim for

21   vicarious infringement as well.  The vicarious infringement doctrine allows a defendant to be

22   held liable for another's direct infringement if (1) the defendant has the right and ability to

23   supervise the infringing conduct, and (2) a direct financial interest in the infringing activity.  *See*

24   *Visa*, 494 F.3d at 802*; see also Grokster*, 545 U.S. at 930 n. 9 (summarizing vicarious

25

26   Motion to Dismiss                                                    Matesky Law PLLC
     2:13-CV-00507-RSL - 17                                          1001 4th Ave., Suite 3200
27                                                                       Seattle, WA 98154
                                                             Ph: 206.701.0331   Fax: 206.701.0332
                                                                        © 2013 Matesky Law
28

1  infringement theory as "allow[ing] imposition of liability when the defendant profits directly

2  from the infringement and has a right and ability to supervise the direct infringer, even if the

3  defendant initially lacks knowledge of the infringement.").  Because Plaintiff fails to allege facts

4  satisfying either element, Plaintiff has failed to allege a claim for relief for vicarious

5  infringement.

6

7       Plaintiff alleges no facts regarding Defendant's right or ability to supervise any infringing

8  conduct, or lack thereof.  Similarly, Plaintiff makes no allegation that any Defendant profited

9  from or otherwise has a financial interest in any direct infringing activity.  Accordingly, Plaintiff

10  has failed to state a claim for vicarious copyright infringement.

11      **D.**    **Dismissal With Prejudice is Warranted**

12

13       As discussed above, Plaintiff's First Amended Complaint should be dismissed because it

14  fails to state a claim on which relief may be granted.  Furthermore, such dismissal should be with

15  prejudice, because the procedural history makes clear that Plaintiff cannot ethically allege any

16  set of facts that would cure this defect, thereby making leave to amend futile.  *See Lee v. County*

17  *of Los Angeles*, 240 F.3d 754, 773 (9th Cir. 2001) (affirming dismissal with prejudice where "it

18  appears that plaintiffs' claims…cannot be cured by amendment").

19

20       Plaintiff represented to the Court that obtaining the names and contact information for the

21  subscribers named on Internet accounts allegedly used to infringe Plaintiff's copyright would

22  allow Plaintiff to name and serve the defendants in this suit.  In fact, Plaintiff represented that it

23  had "no means" to identify the alleged infringers other than the Court's subpoena power.  (Pl.'s

24  Mot. to Expedite Discovery (Dkt. No. 2) at 4.)  Now, Plaintiff has obtained the requested

25

26  Motion to Dismiss

27  2:13-CV-00507-RSL - 18

28

1  information, has amended its complaint, and still cannot allege facts sufficient to state a claim for

2  relief.  There is no reason to belief that Plaintiff is sitting on facts that would state a claim for

3  relief, yet failed to allege such facts.  There is no reason to believe that Plaintiff has an

4  evidentiary basis to allege the type of facts—e.g., Defendants' intent to aid in direct

5  infringement—necessary to state a claim.  Thus, there is no benefit to granting Plaintiff leave to

6

7  amend, and Court should dismiss Plaintiff's First Amended Complaint with prejudice.

8  **E.    In the Alternative, Plaintiff Should Submit a More Definite Statement**

9         For the reasons stated above, Plaintiff's First Amended Complaint should be dismissed

10 with prejudice.  Nevertheless, if the Court declines to dismiss Plaintiff's First Amended

11 Complaint, it should order Plaintiff to submit a more definite statement specifying which acts

12 each Defendant is alleged to have committed.  Fed. R. Civ. P. 12(e) authorizes a defendant to

13 "move for a more definite statement of a pleading to which a responsive pleading is allowed but

14

15 which is so vague or ambiguous that the party cannot reasonably prepare a response."  The Ninth

16 Circuit has commented on the need for Rule 12(e) as follows:

17

18      [C]onfusing complaints…impose unfair burdens on litigants and judges. As a
        practical matter, the judge and opposing counsel, in order to perform their
19      responsibilities…must prepare outlines to determine who is being sued for what.
        Defendants are then put at risk that their outline differs from the judge's, that
20      plaintiffs will surprise them with something new at trial which they reasonably
        did not understand to be in the case at all, and that res judicata effects of
21      settlement or judgment will be different from what they reasonably expected.

22 *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (upholding dismissal for failure to

23 comply with order to "file a pleading 'which clearly and concisely explains which allegations are

24 relevant to which defendants.'").  These concerns are amplified in this case, where individual

25

26 Motion to Dismiss                                          Matesky Law PLLC
   2:13-CV-00507-RSL - 19                                   1001 4th Ave., Suite 3200
27                                                           Seattle, WA 98154
                                                     Ph: 206.701.0331  Fax: 206.701.0332
28                                                           © 2013 Matesky Law

defendants with no litigation experience are forced to choose between mounting an expensive legal defense against a confusing complaint or paying an extortionate settlement demand.

In order to remedy the ambiguity of its First Amended Complaint, for each Defendant, Plaintiff should be ordered to clarify:

1. Whether Plaintiff alleges the Defendant copied the audiovisual work in question;

2. Whether Plaintiff alleges the Defendant uploaded the audiovisual work in question;

3. Whether Plaintiff alleges the Defendant downloaded the audiovisual work in question;

4. Whether and when Plaintiff alleges the Defendant had specific knowledge of any alleged instances of infringement of the audiovisual work in question occurring via Defendant's Internet service account;

5. How Plaintiff alleges the Defendant obtained specific knowledge of any alleged instances of infringement of the audiovisual work in question occurring via Defendant's Internet service account;

6. Whether and when Plaintiff alleges the Defendant had simple and feasible means available to prevent any alleged instances of infringement of the audiovisual work in question occurring via Defendant's Internet service account, and the specific nature of any such means; and

7. Whether, when, and how Plaintiff alleges the Defendant intentionally induced any alleged instances of infringement of the audiovisual work in question occurring

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

1        via Defendant's Internet service account.

2            Of course, as discussed above, it is unlikely that Plaintiff can provide such specific

3    allegations, because Plaintiff has no idea what any Defendant did or did not do, other than sign

4    up for an Internet account.  In any case, the fact that Plaintiff does not know who infringed its

5    copyright is no excuse for Plaintiff to bend the rules of civil procedure and shift the burden onto

6

7    Defendants to prove they were not the culprits (or pay the settlement demand).

8    IV.    **CONCLUSION**

9            For the reasons set forth above, Defendants respectfully submit that Plaintiff's First

10   Amended Complaint fails to state a claim on which relief can be granted, and should be

11   dismissed with prejudice.  In the alternative, Plaintiff should be ordered to submit a more

12   definite statement detailing precisely what it alleges each Defendant has done, as set forth above.

13

14           Respectfully submitted this 30th day of October, 2013

15

16                                                MATESKY LAW$^{PLLC}$

17                                                /s/ Michael P. Matesky, II

18                                                Michael P. Matesky, II
                                                  (WSBA# 39586)
19                                                1001 4th Ave., Suite 3200
                                                  Seattle, WA 98154
20                                                Ph: 206.701.0331
                                                  Fax: 206.702.0332
21                                                Email: mike@mateskylaw.com;
                                                         litigation@mateskylaw.com
22
                                                  Attorney for Defendants Eric
23                                                Cariveau, Becky Peloquin, Steven
                                                  Peloquin, and Leon Kimmerling
24

25

26   Motion to Dismiss                                           Matesky Law PLLC
     2:13-CV-00507-RSL - 21                              1001 4th Ave., Suite 3200
27                                                               Seattle, WA 98154
                                                     Ph: 206.701.0331  Fax: 206.701.0332
28                                                            © 2013 Matesky Law

**CERTIFICATE OF SERVICE**

1

2

3       I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

4   CM/ECF system on the date stated below, which will cause the foregoing to be electronically

5   served on all parties of record who have consented to such electronic service.

6       I hereby certify that I have served the foregoing on the following parties via U.S. First

7   Class Mail to the following addresses:

8       Shelly Scanlan, 15131 176th AVE SE, MONROE, WA 98272.

9

10      Jerry Graff and Vandy Graff, 18225 SUNSHINE LANE SW, ROCHESTER, WA 98579

11      John Leroy Funseth, 120 ASPEN LANE S, PACIFIC, WA 98047

12      Jason Couture, 23605 NE 54th ST, VANCOUVER, WA 98682

13

14

15   Dated this 30th day of October, 2013          /s/ Michael P. Matesky, II
                                                    Michael P. Matesky, II
16

17

18

19

20

21

22

23

24

25   Certificate of Service                                    Matesky Law PLLC
     2:13-CV-00507-RSL                                  1001 4th Ave., Suite 3200
26                                                          Seattle, WA 98154
                                                Ph: 206.701.0331   Fax: 206.701.0332
27                                                        © 2013 Matesky Law

28