UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELF-MAN, LLC,

    Plaintiff,

    v.

ERIC CARIVEAU, *et al.*,

    Defendants.

Case No. C13-0507RSL

ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND

    This matter comes before the Court on a "Motion to Dismiss, or for More Definite Statement" by defendants Eric Cariveau, Becky Peloquin, Steven Peloquin, and Leon Kimmerling. Dkt. # 60. The question for the Court on a motion to dismiss is whether the facts in the complaint sufficiently state a "plausible" ground for relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

Having reviewed the memoranda and case law submitted by the parties[1] and having heard the arguments of counsel, the Court finds as follows:

This action was filed on March 20, 2013, against 152 Doe defendants. Each Doe defendant was identified only by an IP address linked to the on-line sharing of the movie "Elf-Man." The Court granted plaintiff's motion to initiate early discovery in order to obtain information sufficient to identify the owner of each IP address, but noted that:

> [I]dentifying the account holder tells us very little about who actually downloaded "Elf-Man" using that IP address. As one court noted, "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call." In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012). In fact, it is less likely. Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not secured, additional devices operated by neighbors or passersby. Thus, the risk of false positives is very real. Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 243 (S.D.N.Y. 2012). It is not clear that plaintiff could, consistent with its obligations under Fed. R. Civ. P. 11, make factual contentions regarding an internet subscriber's infringing activities based solely on the fact that he or she pays the internet bill.

On October 3, 2013, plaintiff filed a First Amended Complaint naming eighteen individual defendants. The remaining Doe defendants were dismissed, and default has been entered against two of the named defendants. Four of the named defendants filed this motion to dismiss, arguing that plaintiff's allegations, which are presented in the alternative, fail to state a claim for relief that crosses the line between possible and plausible. The Court agrees.

---

[1] The Court has considered the unpublished opinions submitted by the parties. Defendants' requests for judicial notice (Dkt. # 61 and # 65) are GRANTED.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 72 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). Plaintiff's complaint does not raise a plausible inference that any of the named defendants are liable for direct, contributory, or indirect copyright infringement. In the fact sections of the complaint, plaintiff carefully refrains from alleging that the owners of the IP address – *i.e.*, the named defendants – are the ones who utilized the internet access to download the copyrighted material. Rather, plaintiff alleges that the IP address assigned to each defendant "was observed infringing Plaintiff's motion picture" (Dkt. # 33 at ¶ 29) and that each named defendant either (a) downloaded the BitTorrent "client" application and used it to download and share the copyrighted material or (b) permitted, facilitated, or promoted the use of their internet connections by others to download and share the copyrighted material (Dkt. # 33 at ¶ 22). Pursuant to plaintiff's allegations, a particular defendant may have directly and intentionally stolen plaintiff's copyrighted material, or she may simply have "facilitated" unauthorized copying by purchasing an internet connection which an unidentified third party utilized to download "Elf-Man." Plaintiff provides no factual allegations that make one scenario more likely than the other: both are merely possible given the alternative allegations of

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 3

the complaint.

Plaintiff argues that such alternative pleading is permissible under Fed. R. Civ. P. 8(d)(2) and that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." The critical defect in this case is not the alternative pleading of claims of direct, contributory, and indirect infringement. Rather, the problem arises from the alternative pleading of the facts that are supposed to support those claims. The effect of the two "or" conjunctions means that plaintiff has actually alleged no more than that the named defendants purchased internet access and failed to ensure that others did not use that access to download copyrighted material. For the reasons set forth below, these facts do not support any of the alternative claims asserted. Rule 8(d)(2) does not, therefore, save plaintiff's complaint.

**A. First Claim For Relief:  Copyright Infringement**

Plaintiff's claim of direct copyright infringement relies on a conclusory allegation that the named defendants were personally involved in the use of BitTorrent software to download "Elf-Man" and to further distribute the movie. The only fact offered in support of this allegation is that each named defendant pays for internet access, which was used to download and/or distribute the movie. As the Court previously noted, however, simply identifying the account holder associated with an IP address tells us very little about who actually downloaded "Elf-Man" using that IP address. While it is possible that the subscriber is the one who participated in the BitTorrent swarm, it is also possible that a family member, guest, or freeloader engaged in the infringing conduct. The First Amended Complaint, read as a whole, suggests that plaintiff has no idea who downloaded "Elf-Man" using a particular IP address. Plaintiff has not alleged that a named defendant has the BitTorrent "client" application on her computer, that the download or distribution is in some way linked to the individual subscriber (as opposed to

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 4

her account), that the defendant has acknowledged personal involvement in the download and distribution, or even circumstances which might increase the likelihood that the subscriber is the infringer (such as defendant's living arrangements or network details). Rather than provide specific facts tying the named defendant to the infringing conduct, plaintiff merely alleges that her IP address "was observed infringing Plaintiff's motion picture" and guesses how that might have come about.[2]  While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers. Plaintiff has failed to adequately allege a claim for direct copyright infringement.

**B. Second Claim For Relief:  Contributory Infringement**

Plaintiff's claim of contributory infringement relies on the allegation that the named defendants materially contributed to others' infringement of plaintiff's exclusive rights by participating in a BitTorrent swarm.  For the reasons discussed above, this allegation of personal involvement in a swarm is conclusory, and plaintiff has failed to adequately allege a claim for contributory infringement.

**C. Third Claim For Relief: Indirect Infringement of Copyright**

Plaintiff alleges that the named defendants obtained internet access through a service provider and "failed to secure, police and protect the use of their internet service against illegal conduct, including the downloading and sharing of Plaintiff's motion

---

[2] Plaintiff apparently concedes that it does not know the "circumstances concerning how these Defendants' IP addresses came to be used for the infringement of Plaintiff's copyright," but argues that it should be allowed to conduct discovery because it cannot reasonably be expected "to have procured such information at this stage of the proceeding." Dkt. # 63 at 13 n.6. This argument "collides with what the Supreme Court said in Ashcroft v. Iqbal, 556 U.S. 662[, 678-79 (2009)]: 'Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"  Starr v. Baca, 652 F.3d 1202, 1219 (9th Cir. 2011).  Mr. Iqbal was required to have evidence of Attorney General Ashcroft's subjective intent at the pleading stage. Requiring plaintiff to allege facts giving rise to a plausible, not merely possible, inference that it has named the correct defendant is no more onerous or unreasonable.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 5

picture by others." Dkt. # 33 at ¶ 143.  One may be liable for another's direct infringement where the circumstances give rise to a reasonable inference that the defendant intentionally encouraged or promoted the infringement.  See Sony Corp of Am. v. Universal City Studios, Inc., 464 U.S. 417,  (1984) (defendant is liable for infringing uses of a product it distributes only if the product is not capable of substantial non-infringing uses);[3] Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 932 (2005) ("where evidence goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement," intentional inducement of infringement may be shown and liability attach); Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701, 727 (9th Cir. 2007) ("[A]n actor may be contributorily liable for intentionally encouraging direct infringement if the actor knowingly takes steps that are substantially certain to result in such direct infringement.").[4]  Plaintiff makes no allegations of intent or knowledge, nor does it provide facts that would be necessary to support such conclusory allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 680-81, 686-87 (2009) (conclusory allegations of knowledge and intent are not entitled to the presumption of truth when evaluating the allegations of a complaint).  As such, the allegations are insufficient to state a claim for contributory infringement.

Plaintiff argues, however, that contributory infringement is a judge-made concept and the Court should entertain its admittedly novel theory of liability – that

---

[3] In Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 932 (2005), the Supreme Court explained that the "incapable of non-infringing uses" test is used to evaluate the intent of the defendant: "it may be presumed from distribution of [such] an article in commerce that the distributor intended the article to be used to infringe another's patent."

[4] A defendant may also be liable for another's infringing activity under the common law doctrine of vicarious liability.  Plaintiff has not provided any facts that would support such a theory of liability in this case.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 6

defendants can be held liable for contributory infringement because they failed to take affirmative steps to prevent unauthorized use of their internet access to download "Elf-Man" – so that this area of the law can develop fully.  While it is true that the circumstances giving rise to a claim of contributory infringement have not all been litigated and that courts will continue to analyze contributory liability claims in light of common law principles regarding fault and intent (Perfect 10, 487 F.3d at 727), plaintiff's theory treads on an element of the claim that has already been fixed by the courts, namely the requirement that defendant's contribution to the infringement be intentional (Grokster, 545 U.S. at 930).  A claim of novelty will not defeat a motion to dismiss where the allegations fail to plead an essential element of the claim.

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 60) is GRANTED.  Given the procedural posture of this case, it is doubtful that plaintiff has facts to support the allegations of personal involvement and/or intent on which its claims rely.  Nevertheless, it may have additional information regarding individual defendants that would provide the necessary heft to its factual allegations and should be given an opportunity to remedy the deficiencies identified by the Court.  Plaintiff shall, therefore, have fourteen days from the date of this Order to file a Second Amended Complaint that pleads factual content that allows the Court to draw the reasonable inference that the named defendants are liable for the misconduct alleged.  Failure to file a timely and adequate pleading will result in the entry of judgment against plaintiff and in favor of defendants.

Dated this 17th day of January, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 7